### No. 16,136.

### CAMPBELL ET AL. v. BOARD OF COMMISSIONERS OF MONROE COUNTY.

From the Monroe Circuit Court.

*J. R. East, W. H. East, R. W. Miers* and *E. Corr,* for appellants.

*J. H. Louden* and *W. P. Rogers,* for appellee.

OLDS, C. J.—There is no question presented for the decision of this court by the record in this case.

The record does not contain the complaint or any of the pleadings in the cause, nor is there even a statement of their contents or anything to show what the issues were or what remedy or relief was sought by the action. The record entitles the cause; then shows the appointment of a special judge to try the cause, and the oath taken by the special judge. Then follows what purports to be a special finding of facts made by the court at the request of the parties, and conclusions of law stated by the court. Neither the statement which purports to be a finding of facts nor the conclusions of law are signed by the judge, nor are they or either of them brought into the record by bill of exceptions. There is no bill of exceptions in the record. The record, therefore, contains nothing in the way of pleadings, special finding of facts or evidence. The judgment must be affirmed.

Judgment affirmed, with costs.

Filed May 16, 1891; petition for a rehearing overruled Feb. 6, 1892.

---

### No. 16,335.

### MELLEN v. THE STATE.

From the Perry Circuit Court.

*W. A. Land,* for appellant.

*A. G. Smith,* Attorney General, and *R. M. Johnson,* Prosecuting Attorney, for the State.

ELLIOTT, C. J.—The appellant asks a reversal of the judgment declaring him guilty of the crime of assault and battery with intent to kill, and rests his case upon the single proposition that the verdict is not sustained by the evidence. We have given the evidence a very careful study, and are satisfied that it supports the verdict. It was proved in the strongest and clearest way that the appellant was the aggressor; that he was armed for deadly encounter, and that he sought to provoke the man he shot into a combat. This makes the statement of the injured man that the appellant fired the first shot probable, and thus gave strong corroboration to his testimony. But the case does not stand upon the corroborating circumstance mentioned and the positive testimony of the injured man alone, for there is other evidence tending to prove the appellant guilty of the crime charged against him.

Judgment affirmed.

Filed Dec. 12, 1891.